JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BEAU DIETL

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Beasley Firm, 1125 Walnut Street, Philadelphia, PA 19107 (215) 591-1000; and James Binns, P.C. 1818 Market Street, Ste 3750, Philadelphia, PA 19103 (215) 922-4000

## DEFENDANTS
VILLANOVA UNIVERSITY IN THE STATE OF PENNSYLVANIA d/b/a VILLANOVA UNIVERSITY

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.D.C. Section 1332
Brief description of cause:
Premises Liability / Inadequate Security / Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/25/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEAU DIETL**<br>8 Old Homestead Way<br>Albertson, NY 11507<br>                Plaintiff,<br><br>vs.<br><br>**VILLANOVA UNIVERSITY IN**<br>**THE STATE OF PENNSYLVANIA**<br>**D/B/A VILLANOVA UNIVERSITY**<br>800 Lancaster Avenue<br>Villanova, PA 19085<br>                Defendant. | CASE NUMBER:<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Heidi G. Villari and Jimmy J. Binns, hereby demands judgment against the Defendant for damages in an amount in excess of the jurisdictional limit to guarantee a jury trial, exclusive of interest and costs, as well as pre-judgment interest, post-judgment interest, punitive damages, delay damages, attorney's fees, costs, and such other relief as the Court deems just, equitable and proper, for the causes of action outlined herein.

I.     PARTIES

    1.     Plaintiff, Beau Dietl, is an individual currently residing in the State of New York, having a permanent address at 8 Old Homestead Way, Albertson, New York 11507. At all times material hereto, Plaintiff was a student of Villanova University residing at the University's O'dwyer Hall dormitory.

    2.     Defendant, Villanova University in the State of Pennsylvania, (hereinafter "Villanova University") is a registered non-profit corporation in Radnor Township,

1

Pennsylvania within the County of Delaware. Consequently, by operation of law and specific to the laws of agency within the Commonwealth of Pennsylvania, any liability-imposing conduct (including any and all actions or failures to act) committed by any of Villanova University's agents, servants, and/or employees imposes liability upon Villanova University both directly and vicariously.

3. Plaintiff is pursuing negligence and premises liability claims against this defendant.

4. This lawsuit involves an incident on Villanova University's premises in which Plaintiff was criminally attacked, assaulted, and savagely beaten by a fellow student whereupon Plaintiff sustained severe physical injuries, conscious pain and suffering, psychological injuries and emotional distress, disability, and disfigurement, all of which disrupted his college education and forced him to transfer schools.

5. At all times material hereto, Defendant Villanova University owed Plaintiff a duty to ensure that its campus was, as advertised, safe for students.

6. At all times material hereto, Plaintiff acted with due care and was not in any way contributory and/or comparatively negligent.

## II. JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds one hundred fifty thousand dollars ($150,000.00) exclusive of interest and costs, and because the Defendant's principal place of business is in a state other than the state in which the Plaintiff resides. This Court has personal jurisdiction over the parties because all of the actions herein occurred in this judicial district. Further, this Honorable Court's exercise of jurisdiction would not offend the traditional notions of fair play and substantial justice.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8. Venue exists pursuant to 28 U.S.C. §1391, as, *inter alia*, this is the judicial district in which a substantial part of the events giving rise to this claim occurred.

### III. FACTS

9. On or about September 16, 2012, Plaintiff Beau Dietl was traversing through the West Campus of Villanova University.

10. Without notice, Plaintiff was attacked and assaulted by Maximo Almonte, (hereinafter "Plaintiff's attacker") a fellow student of Villanova University.

11. At all times material hereto, the West Campus of Villanova University premises was inadequately lit.

12. At all times material hereto, a security guard box present at the scene of the assault was unattended and empty.

13. At all times material hereto, in the area of Villanova University's premises where the assault occurred there was no video surveillance and there were no emergency/safety "call boxes" that would assist Plaintiff or any other student in calling for help in a time of emergency.

14. Plaintiff was only able to escape the assault when two of his friends helped free him from the head lock the assailant placed him in-- no Villanova University security ever came to Plaintiff's aid.

15. Plaintiff's injuries from the assault were so severe that it was necessary for him to be immediately transported to Bryn Mawr Hospital for medical treatment and to undergo a CT scan of his skull and facial bones. Subsequently, Plaintiff was taken by his father to North Shore Hospital in Long Island, New York where he underwent several hours of surgery on his nose and facial structures.

16. It is foreseeable that Plaintiff will require future surgeries and will incur additional medical expenses.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

Plaintiff's Complaint

17. Plaintiff's injuries included but were not limited to:

    a) Conscious pain and suffering;

    b) Psychological trauma and severe emotional distress;

    c) Periorbital hematoma, ecchymosis, right eye trauma and a fractured orbital bone above the right eye which left Plaintiff with temporary vision loss and the inability to open his right eye and required him to apply ice packs to his eyes six times per day for several days;

    d) Fracture of the medial wall of the right orbit with herniation of the orbital soft tissues medially;

    e) Displaced bone fragment;

    f) Herniation of the medial rectus muscle;

    g) Pain, soreness, tenderness, and significant soft tissue swelling on the head, face, eyes, and nose;

    h) Significant bleeding in the sinus cavity;

    i) Painful headaches;

    j) Snoring severe enough to warrant evaluation and management by an Ear, Nose, and Throat Specialist who suggested Plaintiff undergo a turbinectomy and adenoidectomy;

    k) Permanent disfigurement including a post-surgical, permanent bump on the right side of his nose; and

    l) A deviated septum and several nasal bone fractures which required surgical correction to close nasal reduction and to obtain adequate anatomic alignment and which:

        i. included: left infraorbital nerve block, left infratrochlear nerve block, nasopalatine nerve block, right infraorbital nerve block, right infratrochlear nerve block, and application of an Aquaplast splint with nasal packing;

        ii. prevented Plaintiff from blowing his nose;

        iii. required the use of prescription Keflex, Percocet, Clindamycin, and Afrin nasal spray two times per day; and

        iv. caused Plaintiff to require at least five post-operative follow-up visits.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

Plaintiff's Complaint

    m)    Disruption to his formal education due to the need to transfer schools after the assault; and

    n)    Loss of the opportunity to graduate from a highly-ranked University that was well-known within the United States.

18.    Despite the severity of Plaintiff's injuries and despite the fact that Villanova University was fully aware of the identity of Plaintiff's attacker, after the assault, Plaintiff's attacker incurred only a temporary suspension and was then readily permitted to not only return to Villanova University but was also able to resume his scholarship status.

19.    The Plaintiff in this case was victimized twice: first by the assault due to the lack of Villanova University's adequate security and then, again, when the University that he reasonably expected to ensure his safety by maintaining safe premises caused him to fear for his safety at the educational institution by permitting his attacker to return to campus and thereby forced Plaintiff to transfer to a new school mid-way through the school year.

## COUNT ONE
### Negligent Supervision and Premises Liability
### PLAINTIFF v. VILLANOVA UNIVERSITY

20.    Plaintiff hereby incorporates each and every allegation of the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein at length.

21.    At all times material hereto, the area in which Plaintiff was attacked was under the exclusive dominion and control of Villanova University.

22.    Pursuant to Pennsylvania law and §344 of the Restatement (Second) of Torts, at all times material hereto, Villanova University owed a duty to its students, including Plaintiff, to exercise reasonable care to keep and maintain its premises in a condition

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

Plaintiff's Complaint

reasonably safe for use. In particular, Defendant had a duty to take such precautions as were reasonably necessary (including, providing a reasonably sufficient number of servants to afford reasonable protection) to ensure its students, including Plaintiff, were kept safe from criminal acts which were reasonably foreseeable.

23. At all times material hereto, Villanova University knew, or in the exercise of reasonable care should have known, that the West Campus area of the University where Plaintiff was traversing when the attack occurred, was inadequately lit and not secured by security personnel as it had an unmanned security stand, and that there had been several similar crimes perpetrated in that area, and accordingly, that additional crimes were reasonably likely to be perpetrated on its students unless the University took steps to provide proper lighting and security in those areas.

24. Upon information and belief, before Plaintiff was attacked, Villanova University knew of the high incidence of mischievous and/or criminal activity on Villanova University's premises (See Exhibit "A" attached hereto) and therefore knew or in the exercise of reasonable care should have known of the need to protect its students from being attacked while on Villanova University's premises.

25. Upon information and belief, before Plaintiff was attacked, there had been numerous reports of other mischievous and/or criminal acts occurring on Villanova University's premises; said acts provided Villanova University with additional notice of the need for security and employee training which should have been implemented prior to Plaintiff's assault.

26. Upon information and belief, the presence of said criminal activity constituted a dangerous and hazardous condition on Villanova University premises about which Villanova University knew, or should have known, could cause injury to students,

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

Plaintiff's Complaint

including Plaintiff, and imposed further duty upon Villanova University to protect its students by provision of diligent and proper security measures.

27. Villanova University knew, or in the exercise of reasonable care should have known, that no student, including Plaintiff, had it within their own power to take the measures necessary to provide for their own security while on the premises of Villanova University.

28. The circumstances under which Plaintiff was injured were such that Plaintiff's injuries would not have and could not have occurred on Villanova University's premises but for the Villanova University's negligent conduct.

29. Villanova University was negligent and reckless and breached its duty of reasonable care for the safety and protection of its students in all or more of the following ways:

    a. failing to allow Plaintiff safe passage on Villanova University premises;

    b. failing to provide adequate security for its students, including Plaintiff, when it knew or in the exercise of reasonable care should have known of foreseeable crime and danger;

    c. failing to, as required by law, provide an adequate number of campus police/security officers to protect its students, including Plaintiff, from foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

    d. failing to provide an adequate number of emergency/safety "call boxes" on campus to help students who are victims of foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

Plaintiff's Complaint

e. failing to provide surveillance cameras;

f. failing to maintain proper personnel and equipment and/or failure to assign security personnel at the time of Plaintiff's assault and before the assault with sufficient time to prevent the assault;

g. failing to hire, select, or otherwise provide competent campus police/security officers to protect its students, including Plaintiff, from foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

h. failing to properly train campus police/security officers to protect its students, including Plaintiff, from foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

i. failing, as the principle and/or employer of the campus police/security officers to properly control, instruct, direct, and/or supervise the conduct of said agents/employees in the discharge of their duties;

j. failing to implement adequate security policies, security measures, security protocols, and security procedures necessary to protect its students, including Plaintiff, from foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

k. failing to establish and implement a proper or adequate security survey plan and/or vulnerability analysis;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

Plaintiff's Complaint

l.  failing to prevent assaults like the one suffered by Plaintiff either by conducting regulate patrols or by the presence of adequate lighting, personnel, security, surveillance, and other deterrents to crime;

m.  failing to police, patrol, guard, deter, and otherwise provide adequate protection for its students, including Plaintiff, in the face of foreseeable danger and crimes, including the assault suffered by Plaintiff in this case;

n.  failing to foresee reasonably foreseeable crime and danger, including the assault suffered by Plaintiff in this case, in spite of being fully aware that more than 843 crimes occurred on Villanova University's campus during the year prior to Plaintiff's assault;

o.  failing to put in place additional security measures in spite of being fully aware that the 843 crimes that occurred on Villanova University's campus in 2011 included 56 *additional* criminal acts in comparison to 2010 occurrences;

p.  failing to warn, protect, and secure the safety of Plaintiff and other similarly situated students when it knew, or in the exercise of reasonable care, should have known, of foreseeable crime and danger;

q.  failing to undertake sufficient or timely inspections of the West Campus area at reasonable intervals and to have in place sufficient protocols for the inspection of said premises, particularly at the location where Plaintiff was assaulted;

9

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

r. failing to recognize that Villanova University's students, including Plaintiff, were particularly vulnerable to criminal acts during the late evening and early morning weekend hours and as a result, failing to undertake sufficient and timely inspections of the campus during those times, particularly on or about the time Plaintiff was assaulted;

s. failing to recognize that that Villanova University's students, including Plaintiff, were particularly vulnerable to criminal acts during the late evening and early morning weekend hours and as a result, failing to provide and make available additional campus police/security officers during those times, particularly on or about the time Plaintiff was assaulted;

t. failing to create and implement sufficient protocols for regular inspections of Villanova University premises at reasonable intervals timely enough to prevent criminal activity, particularly at poorly-lit locations including the one where Plaintiff was assaulted;

u. being unmindful of Plaintiff's safety, security, and well-being;

v. failing to regard the rights and safety of the Plaintiff at the area of the attack;

w. failing to be vigilant with respect to monitoring the area where Plaintiff was attacked;

x. failing to undertake its duty to secure Villanova University premises with reasonable care;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

y. failing to provide safe conditions for students, including Plaintiff, on *all* parts of Villanova University premises;

z. failing to provide and maintain proper supervision of students on *all* parts of Villanova University premises;

aa. advertising Villanova University as a safe and secure educational institution for students, including Plaintiff, in spite of the 843 crimes that occurred on Villanova University's campus during the year prior to Plaintiff's attack;

bb. claiming that Villanova University "devoted significant resources to providing a safe campus and assuring the safety of community members," and that Villanova University's "Public Safety department is responsible for campus security and consists of approximately 75 officers who provide on-campus coverage <u>24 hours a day, seven days a week</u>. To assure the greatest breadth of coverage, the officers patrol the campus on foot, on bicycle, and in vehicles," and subsequently, having <u>no</u> officers patrolling the area in which Plaintiff was attacked;

cc. claiming that Villanova University "devoted significant resources to providing a safe campus and assuring the safety of community members," and that Villanova University's "Public Safety department is responsible for campus security and consists of approximately 75 officers who provide on-campus coverage <u>24 hours a day, seven days a week</u>. To

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

assure the greatest breadth of coverage, the officers patrol the campus on foot, on bicycle, and in vehicles," and subsequently, allowing the security stand nearest Plaintiff's assault to remain empty on the night of Plaintiff's assault;

dd. advertising Villanova University as having safe and secure premises and failing to conform to Villanova University's own policies and procedures regarding protection of students on the premises;

ee. advertising Villanova University as having safe and secure premises and claiming that Villanova University "devoted significant resources to providing a safe campus and assuring the safety of community members," and subsequently, failing to provide a safe environment for all students, including Plaintiff;

ff. failing to adequately and/or properly intervene to prevent the assault of Plaintiff and the resultant injuries;

gg. failing to discover, notice, recognize, and/or acknowledge the danger that Plaintiff's attacker posed to Villanova University's students, including Plaintiff;

hh. failing to warn students, including Plaintiff, of the danger posed by Plaintiff's attacker;

ii. failing to protect students, including Plaintiff, from the violent behavior of Plaintiff's attacker;

jj. failing, as the principle and/or employer of the campus police/security officers, to stop the violent and aggressive

12

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Plaintiff's Complaint

behaviors and threats of Plaintiff's attacker before they escalated into an assault and battery on Plaintiff;

kk. failing to separate Plaintiff's attacker from the Plaintiff before it became apparent that the attacker was going to inflict serious and permanent bodily injury upon Plaintiff;

ll. failing to discover, notice, report, and/or stop the aggressive and threatening behavior and/or activities of Plaintiff's attacker before Plaintiff was severely injured;

mm. failing to adequately and/or properly intervene to help Plaintiff and/or stop the assault at any point;

nn. failing to timely contact the proper authorities, including the local police department, prior to and/or during the assault so as to prevent Plaintiff's injuries;

oo. inadequately abating the danger posed by Plaintiff's attacker by failing to remove the attacker from Villanova University's premises in a timely manner before Plaintiff was assaulted;

pp. failing to exercise due care under the circumstances and thereby increasing the risk of harm to students, including Plaintiff, through all of the above-stated negligent actions; and

qq. such other acts or omissions constituting the failure to exercise reasonable care under the circumstances as shall be discovered during discovery or at trial.

30. As a direct and proximate result of the above-described carelessness, negligence, and recklessness of Villanova University, Plaintiff was criminally attacked,

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

assaulted, and savagely beaten while on the premises of Villanova University whereupon Plaintiff sustained severe physical injuries, conscious pain and suffering, psychological and emotional injuries, disability, and disfigurement, all of which disrupted his college education and forced him to transfer schools.

31.  As a direct and proximate result of the above-described carelessness, negligence, and recklessness of Villanova University, Plaintiff has been forced to incur various and diverse sums of money, including past and future medical expenses, in an effort to treat himself for his injuries and to effect a cure and Plaintiff will continue to do so for an indefinite amount of time.

32.  As a direct and proximate result of the above-described carelessness, negligence, and recklessness of Villanova University, Plaintiff has endured a loss of future earning capacity due to the disruption in his formal education.

33.  All of the aforementioned damages are permanent and continuing in nature.

34.  The aforementioned assault and injuries resulted solely from the negligence, carelessness, and recklessness of Villanova University and were in no manner whatsoever attributable to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff hereby demands compensatory damages for an amount significantly in excess of the jurisdictional limits to guarantee a jury trial, together with a trial by jury on all issues as well as attorney's fees, pre- and post-judgment interest, costs, delay damages, and such other relief as this Honorable Court deems just and proper under the circumstances.

(Continued on Next Page)

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## COUNT TWO
## PLAINTIFF v. VILLANOVA UNIVERSITY

35. Plaintiff hereby incorporates each and every allegation of the preceding paragraphs of this Complaint with the same force and effect as though fully set forth herein at length.

36. Well-settled Pennsylvania law permits pleading in the alternative.

37. The assault which gives rise to this matter occurred just three weeks after Plaintiff's eighteenth (18th) birthday and only a few weeks after Plaintiff decided to, based upon Villanova University's assurances of safety and a secure living environment, attend Villanova University and move into on-campus housing.

38. Plaintiff resided in the O'dwyer Hall dormitory which is where he was traveling to when the assault occurred.

39. Plaintiff, as a full-time student of Villanova University and a tenant of O'dwyer Hall had formed a special relationship with Villanova University and, as such (1) enjoyed the rights and privileges of such status, and (2) became subject to Villanova University's landlord regulations, controls and security measures. Likewise, upon the formation of that special relationship, Villanova University, as Plaintiff's landlord, assumed a duty of exercising reasonable care in providing for the security of the tenant/Plaintiff.

40. Villanova University, as Plaintiff's landlord, undertook certain security measures and as a result, incurred an additional duty to carry out those security measures with reasonable care and sufficiency.

41. Villanova University disregarded and breached its duties to Plaintiff when, despite its security measures, it carelessly and negligently failed to take any action to protect Plaintiff from the harmful activities of others, including Plaintiff's attacker.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

15

Plaintiff's Complaint

42. As a direct and proximate result of Villanova University's failure to protect the Plaintiff, Plaintiff was criminally attacked, assaulted, and savagely beaten while on the premises of Villanova University whereupon Plaintiff sustained severe physical injuries, conscious pain and suffering, psychological and emotional injuries, disability, and disfigurement, all of which disrupted his college education and forced him to transfer schools.

43. As a direct and proximate result of the above-described carelessness and negligence of Villanova University, Plaintiff has been forced to incur various and diverse sums of money, including past and future medical expenses, in an effort to treat himself for his injuries and to effect a cure and Plaintiff will continue to do so for an indefinite amount of time.

44. As a direct and proximate result of the above-described carelessness and negligence of Villanova University, Plaintiff has endured a loss of future earning capacity due to the disruption in his formal education.

45. All of the aforementioned damages are permanent and continuing in nature.

46. The aforementioned assault and injuries resulted solely from the negligence and carelessness of Villanova University and were in no manner whatsoever attributable to any act or failure to act on the part of the Plaintiff.

**WHEREFORE**, Plaintiff hereby demands compensatory damages for an amount significantly in excess of the jurisdictional limits to guarantee a jury trial, together with a trial by jury on all issues as well as attorney's fees, pre- and post-judgment interest, costs, delay damages, and such other relief as this Honorable Court deems just and proper under the circumstances.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

16

Plaintiff's Complaint

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

THE BEASLEY FIRM, LLC

By: _____
HEIDI G. VILLARI
Attorney for Plaintiff
PA Attorney ID: 82771
The Beasley Firm
1125 Walnut Street
Philadelphia, Pennsylvania 19107
215.592.1000 / 215.592.8360 (telefax)
heidi.g.villari@beasleyfirm.com

Of Counsel:
JAMES J. BINNS, P.C.

By: _____
JAMES J. BINNS
Attorney for Plaintiff
PA Attorney ID: 03467
James J. Binns, P.C.
1818 Market Street, Suite 3750
Philadelphia, PA  19103
215.922.4000 / 215.922.4001 (telefax)
james@jamesbinns.net

Date: March 25, 2014

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

17

Plaintiff's Complaint

# EXHIBIT A

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

18

Plaintiff's Complaint

# VILLANOVA UNIVERSITY CRIME STATISTICS
# FOR PENNSYLVANIA REPORTING PURPOSES 2010-2012

## THE PENNSYLVANIA UNIFORM CRIME REPORTING ACT

The Pennsylvania Uniform Crime Reporting Act mandates the release of crime statistics and rates to matriculated students and employees, and, upon request, to new employees and applicants for admission. The index rate is calculated by multiplying the actual number of reported offenses by 100,000 (a theoretical population for comparison purposes) and dividing that product by the number of the University's Full Time Equivalent (FTE) students and employees. The FTE is calculated using a state required formula. The University's FTE Population was 11,869 in 2010, 11,896 in 2011, and 11,781 in 2012. The statistics reported below reflect the number of incidents reported to the University's Department of Public Safety (but do not include reports from other campus security authorities, referrals from campus disciplinary authorities or reports from local law enforcement). They do not indicate actual criminal prosecution or student disciplinary action, or the outcome of either. Please note that the state crime classifications for which the University is reporting these statistics vary from the crime classifications under federal law, which are also published in this brochure.

|  | 2010 ACTUAL | 2010 INDEX* | 2011 ACTUAL | 2011 INDEX* | 2012 ACTUAL | 2012 INDEX* |
|---|---|---|---|---|---|---|
| **PART I OFFENSES** | | | | | | |
| Murder | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Manslaughter | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Rape | 3 | 25.28 | 4 | 33.62 | 5 | 42.44 |
| Robbery | 1 | 8.43 | 0 | 0.00 | 0 | 0.00 |
| Aggravated Assault | 1 | 8.43 | 0 | 0.00 | 3 | 25.46 |
| Other Assault | 18 | 151.66 | 11 | 92.47 | 13 | 110.35 |
| Burglary | 22 | 185.36 | 18 | 151.31 | 22 | 186.74 |
| Theft | 160 | 1,348.05 | 159 | 1,336.58 | 127 | 1,078.01 |
| Theft Vehicle | 0 | 0.00 | 2 | 16.81 | 3 | 25.46 |
| Arson | 0 | 0.00 | 1 | 8.41 | 2 | 16.98 |
| **TOTAL** | 205 | 1,727.21 | 195 | 1,639.21 | 175 | 1,485.44 |
| **PART II OFFENSES** | | | | | | |
| Forgery and Counterfeiting | 0 | 0.00 | 1 | 8.41 | 50** | 424.41 |
| Fraud and Embezzlement | 2 | 16.85 | 1 | 8.41 | 1 | 8.49 |
| Receiving Stolen Property | 0 | 0.00 | 2 | 16.81 | 1 | 8.49 |
| Vandalism | 132 | 1,112.14 | 95 | 798.59 | 91 | 772.43 |
| Weapons | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Prostitution | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Other Sex Offenses | 1 | 8.43 | 3 | 25.22 | 5 | 42.44 |
| Narcotics | 30 | 252.76 | 41 | 344.65 | 32 | 271.62 |
| Gambling | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Family Offenses | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| Driving Under The Influence | 2 | 16.85 | 4 | 33.62 | 1 | 8.49 |
| Liquor Law Possession | 63 | 530.79 | 88 | 739.74 | 271 | 2,300.31 |
| Drunkenness | 297 | 2,502.32 | 329 | 2,765.64 | 34 | 288.60 |
| Disorderly Conduct | 32 | 269.61 | 38 | 319.44 | 43 | 364.99 |
| Vagrant | 0 | 0.00 | 0 | 0.00 | 0 | 0.00 |
| All Others | 23 | 193.78 | 46 | 386.68 | 23 | 195.23 |
| **TOTAL** | 582 | 4,903.53 | 648 | 5,447.21 | 552 | 4,685.51 |
| **GRAND TOTAL** | 787 | 6,630.74 | 843 | 7,086.42 | 727 | 6,170.95 |

24  *Index per 100,000

**After conducting an internal review the methodology for classifying false identification cards changed; those offenses are being classified as Forgery and Counterfeiting per UCR guidelines